Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
Alyssa Dang (State Bar No. 292995)
adang@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 398-8700/Facsimile: (415) 398-8704

Beth Terrell (State Bar No. 178181)
bterrell@tmdwlaw.com
Mary B. Reiten (State Bar No. 203412)
mreiten@tmdwlaw.com
Sam Strauss (*pro hac vice* application forthcoming)
sstrauss@tmdwlaw.com
**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 N 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603/Facsimile: (206) 319-5450

*Counsel for Individual and Representative*
*Plaintiffs Linda Jackson and Khuzema Savai*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA JACKSON and KHUZEMA SAVAI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SAFEWAY INC., a Delaware Corporation with its Principal Place of Business in Pleasanton, California.<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Linda Jackson and Khuzema Savai ("Plaintiffs") bring this class action suit against Defendant Safeway Inc. ("Defendant" or "Safeway") on behalf of themselves and the proposed Classes as defined herein.  In support of Plaintiffs' Class Action Complaint, Plaintiffs allege, based on personal experience and the investigation of their counsel, as follows:

## NATURE OF THE CASE

1.      Safeway is one of the largest food and drug retailers in the country. Safeway offers pharmacy services, including immunization injections and filling prescriptions, at many of its stores.

2.      In an effort to increase its revenue from its pharmacy services, Safeway regularly, knowingly, and willingly contacts persons, to market its services, on their cellular telephones without their prior express consent and on their telephone numbers that are registered on the National Do-Not-Call Registry in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (hereinafter "TCPA").

3.      By contacting persons on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) and/or using an "artificial or prerecorded voice" as set forth in 47 U.S.C. § 227(b)(1)(A)(iii) without their prior express consent, Safeway violated the TCPA.

4.      By initiating more than one telephone solicitation in a 12-month period to persons on their telephone numbers that are registered on the National Do-Not-Call Registry, Safeway violated the TCPA.

## THE PARTIES

5.      Defendant Safeway Inc. is a Delaware corporation that maintains its principle place of business at 5918 Stoneridge Mall Road, Pleasanton, California, in the County of Alameda.  In January 2015, Safeway and its parent company, AB Acquisition LLC, completed a merger that created one of the largest food and drug retailers in the country, with over 2,200 stores in 33 states and the District of Columbia, and employing approximately 265,000 people.

6.      Plaintiff Linda Jackson ("Plaintiff Jackson") is a resident and citizen of Oakland, California.

7.      Plaintiff Khuzema Savai ("Plaintiff Savai") is a resident and citizen of Vista, California.

CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227, *et seq.*

9.      The Court has personal jurisdiction over Defendant because it is headquartered in the state of California and conducts substantial business in California.  Moreover, the robocalls were initiated in California, or were directed by Safeway from California.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1), because Defendant is headquartered in Pleasanton, California, which is within this District, and conducts substantial business within this District.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

11.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12.     The TCPA regulates, among other things, the use of automated telephone equipment, or "automatic telephone dialing system," defined as equipment which "has the capacity . . . (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

13.     Specifically, the TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service."  *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A)(iii).  *See* 47 U.S.C. § 227(b)(3).

14.     The TCPA also makes it unlawful for any entity to make more than one call in a 12-month period to any number that is registered with the National Do-Not-Call Registry or that entity's company specific do-not-call list.  *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) & (d).

15.     The National Do-Not-Call Registry allows residential telephone subscribers to register their telephone numbers with the Registry thereby indicating their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).  A listing on the Registry "must be

honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.* The TCPA provides a private cause of action to persons receiving calls in violation of 47 U.S.C. § 227(c)(5).

16.     According to findings by the Federal Communications Commission ("FCC"), vested with Congressional authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are "charged for incoming calls whether they pay in advance or after the minutes are used."  *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, ¶ 165 (2003).

17.     In 2013, the FCC implemented the prior express written consent requirement for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, ¶ 33 (2012) (footnotes omitted) (hereinafter referred to as "FCC 12-21").

18.     The FCC also promulgated regulations to "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 F.C.C. Rcd. 12391, ¶ 13 (1995).

19.     The FCC confirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section

227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, ¶ 11 (2013).

## FACTUAL ALLEGATIONS

### Increase in Robocalls Complaints

20.    Over the last several years, consumers in the United States have been victims of unwanted calls and telephone messages.

21.    In 2014 alone, the FCC received 215,000 complaints about robocalls and texts.

22.    In 2015, the Federal Trade Commission ("FTC"), which jointly runs the National Do-Not-Call Registry with the FCC, reported receiving more than 150,000 complaints about robocalls each month.

### Safeway Pharmacy Services

23.    Safeway operates thousands of groceries stores across the country and provides customers convenient access to pharmaceutical services through its in-store pharmacies.

24.    Safeway's pharmacies offer a variety of different services, including prescription filling and immunization services.

25.    Safeway's immunization services include vaccines for whooping cough, Zostavax™, pneumococcal, meningococcal, hepatitis A, hepatitis B, Gardasil™, and influenzas (flu).

### Unauthorized Safeway Robocalls

26.    On information and belief, part of Safeway's strategy for increasing the volume of its pharmacy customers involves the uses of an automatic telephone dialing system ("ATDS") and/or automated or prerecorded messages to solicit business.

27.    These ATDS generated calls consist of a variety of different prerecorded marketing messages, including reminders to refill prescriptions or obtain vaccines.

28.    These calls are not solely informational calls, but instead are advertising and solicitation tools used to encourage pharmacy customers to fill their prescriptions and obtain vaccinations at *a Safeway* pharmacy.

CLASS ACTION COMPLAINT

29.     On information and belief, Safeway uses ATDS equipment and software that has the capacity to store or produce telephone numbers to be called and that includes auto-dialers and predictive dialers.

30.     Recipients of these calls, including Plaintiffs, did not consent to receive such telephone calls.

31.     Safeway also makes calls using an ATDS and/or artificial or prerecorded voice to cellular telephones whose owners have not provided express prior consent to receive such calls.

**Factual Allegations Regarding Plaintiff Jackson**

32.     Plaintiff Jackson is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

33.     Plaintiff Jackson has been a Safeway pharmacy customer for approximately seven (7) years.

34.      Plaintiff Jackson fills and purchases prescriptions at her local Safeway pharmacy several times a month.

35.     Plaintiff Jackson has also purchased seasonal flu shots at her local Safeway pharmacy.

36.      Over the past few years, Plaintiff Jackson has received numerous telemarketing calls on her cellular telephone number, (510) 213 - XXXX, from, or on behalf of, Safeway.

37.     Each of the telemarketing calls consisted of prerecorded messages marketing Safeway's pharmacy services, including, for instance, soliciting Plaintiff Jackson to refill prescriptions or obtain a flu shot at her local Safeway.

38.     Plaintiff Jackson did not provide prior express consent to receive ATDS generated and/or automated or prerecorded calls on her cellular telephone from, or on behalf of, Safeway.

39.     Specifically, Plaintiff Jackson never expressly consented to receive ATDS generated calls prompting her to refill her prescriptions or obtain vaccinations from, or on behalf of, Safeway.

40.     Plaintiff Jackson's privacy has been violated by the above-described calls from, or on behalf of, Safeway and they constitute a nuisance as they are annoying and harassing.

//

//

**Factual Allegations Regarding Plaintiff Savai**

41.     Plaintiff Savai is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

42.     Plaintiff Savai placed his cellular telephone number, (760) 754-XXXX, on the National Do-Not-Call Registry on August 28, 2003.

43.     In or around October 2014, Plaintiff Savai began receiving telemarketing calls on his cellular telephone from, or on behalf of, Safeway.

44.     The telemarketing calls consisted of prerecorded messages marketing Safeway's pharmacy vaccination services.

45.     Plaintiff Savai received approximately five (5) such prerecorded telemarketing calls from, or on behalf of, Safeway.

46.     At the time Plaintiff Savai received the calls, he was not a Safeway pharmacy customer.

47.     In fact, he had not been a Safeway pharmacy customer for over five (5) years.

48.     Plaintiff Savai had not purchased the seasonal flu shot or had his prescriptions filled at a Safeway pharmacy within the last (5) years.

49.     Each of the above-described calls occurred after Plaintiff Savai had registered his cellular telephone number with the National Do-Not-Call Registry.

50.     Plaintiff Savai never provided express consent to receive ATDS generated calls, or any telemarketing calls, on his cellular telephone from, or on behalf of, Safeway.

51.     Plaintiff Savai's privacy has been violated by the above-described calls from, or on behalf of, Safeway and they constitute a nuisance as they are annoying and harassing.

52.     Plaintiff Savai found the above-described calls so bothersome that he physically went to a Safeway pharmacy and requested, in person, that Safeway cease calling him.

**Factual Allegations Regarding Plaintiffs and the Proposed Classes**

53.     Safeway is responsible for making the above-described ATDS-generated and/or automated or prerecorded calls to Plaintiffs.

54.     Safeway has made a significant number of ATDS generated and/or automated or prerecorded calls to persons on their cellular telephones in California and throughout the entire United

CLASS ACTION COMPLAINT

States.

55.     Safeway has initiated a significant number of telephone solicitation calls to persons who have registered their telephone numbers with the National Do-Not-Call Registry in California and throughout the entire United States.

56.     Safeway intends to continue to make similar ATDS-generated and/or automated or prerecorded calls to persons on their cellular telephones in California and throughout the entire United States.

57.     Safeway intends to continue to make telephone solicitation calls to persons who have registered their telephone numbers with the National Do-Not-Call Registry in California and throughout the entire United States.

58.     Plaintiffs and all members of the Classes, defined in Paragraphs 59 and 60, below, have been harmed by the acts of Safeway because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and they were charged for incoming calls.

## CLASS ACTION ALLEGATIONS

59.     Class Definition.  Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this case as a class action on behalf of the National Classes defined as follows:

> Cell Phone Class:   All persons in the United States to whom:   (a) Defendant and/or a third party acting on Defendant's behalf, made one or more non-emergency telephone calls; (b) promoting Defendant's pharmacy services; (c) to their cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

> National Do-Not-Call Class:  All persons in the United States to whom: (a) Defendant and/or any person or entity acting on Defendant's behalf initiated more than one telephone solicitation call; (b) promoting Defendant's pharmacy services; (c) in a 12-month period; (d) on their cellular telephone line or residential telephone line; (e) whose cellular or residential telephone line number(s) appear on the National Do-Not-Call registry; and (f) at any time in the period that begins four years before the date of filing this Complaint to trial.

Excluded from the Classes are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees,

and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

60.    The Cell Phone Class and the National Do-Not-Call Class are collectively referred to as "Classes."

61.    Plaintiffs reserve the right to amend or modify the definitions of the Classes with greater specificity or further division into subclasses or limitation to particular issues after discovery.

62.    <u>Numerosity</u>.  Fed. R. Civ. P. 23(a)(1).  The potential members of the Classes are so numerous that joinder of all members is unfeasible and not practicable.  While the precise number of members of the Classes has not been determined at this time, Plaintiffs believe that the Classes each have more than 1,000 members.

63.    <u>Commonality</u>.  Fed. R. Civ. P. 23(a)(2) and (b)(3).  There are questions of law and fact common to Plaintiffs and members of the Classes.  These common questions of law and fact include, without limitation:

a.    As to Plaintiffs and the Cell Phone Class, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated 47 U.S.C. § 227(b)(1)(A)(iii) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice;

b.    As to Plaintiffs and the Cell Phone Class, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A)(iii) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice, thus entitling Plaintiffs and members of the Cell Phone Class to treble damages;

c.    As to Plaintiff Savai and the National Do-Not-Call Class, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated 47 C.F.R. § 64.1200(c)(2) by initiating more than one telephone solicitation within a 12-month period to Plaintiff Savai  and members of the National Do-Not-Call Class who have registered their telephone numbers with the National Do-Not-Call Registry;

CLASS ACTION COMPLAINT

d.      As to Plaintiff Savai and the National Do-Not-Call Class, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 C.F.R. § 64.1200(c)(2) by initiating more than one telephone solicitation within a 12-month period to Plaintiff Savai and members of the National Do-Not-Call Class who have registered their telephone numbers with the National Do-Not-Call Registry, thus entitling Plaintiff Savai and members of the National Do-Not-Call Class to treble damages;

e.      Whether Defendant is liable for ATDS generated and/or automated or prerecorded calls promoting Defendant's products and/or services made by Defendant's affiliates, agents, and/or other persons or entities acting on Defendant's behalf; and

f.      Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf should be enjoined from violating the TCPA in the future.

64.      Typicality. Fed. R. Civ. P. 23(a)(3).  Plaintiffs' claims are typical of the claims of the Classes.  Plaintiffs' claims, like the claims of the Classes, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

65.      Adequacy. Fed. R. Civ. P. 23(a)(4).  Plaintiffs will fairly and adequately represent and protect the interests of the members of the Classes.  Plaintiffs have retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions.  Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so.  Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Classes.

66.      Predominance. Fed. R. Civ. P. 23(b)(3).  Defendant has engaged in a common course of conduct toward Plaintiffs and members of the Classes.  The common issues arising from this conduct that affect Plaintiffs and members of the Classes predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

67.      Superiority of Class Action. Fed. R. Civ. P. 23(b)(3).  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendant to comply with the TCPA.  The interest of members of the Classes in individually controlling the prosecution of separate claims against Defendant is small because the damages in an

CLASS ACTION COMPLAINT

individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

68.     Injunctive and Declaratory Relief.  Fed. R. Civ. P. 23(b)(2).  Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis.  Moreover, on information and belief, and based on their experiences, Plaintiffs allege that the automated calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

69.     Issue Certification.  Fed. R. Civ. P. 23(c)(4).  In the alternative, the common questions of fact and law, set forth in Paragraph 63, are appropriate for issue certification on behalf of the proposed Classes.

## **FIRST CLAIM FOR RELIEF**

**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) & (b)(3)–
Cellular Telephone Calls – Cell Phone Class)**

70.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

71.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs and members of the Cell Phone Class using an ATDS and/or artificial or prerecorded voice.

72.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiffs and

members of the Cell Phone Class presumptively are entitled to an award of $500 in damages for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

73.    Plaintiffs and members of the Cell Phone Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future. 47 U.S.C. § 227(b)(3)(A).

## SECOND CLAIM FOR RELIEF

### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) & (b)(3)– Cellular Telephone Calls – Cell Phone Class)

74.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

75.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs and members of the Cell Phone Class using an ATDS and/or artificial or prerecorded voice.

76.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiffs and members of the Cell Phone Class are entitled to treble damages of up to $1,500 for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

77.    Plaintiffs and members of the Cell Phone Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future. 47 U.S.C. § 227(b)(3)(A).

CLASS ACTION COMPLAINT

**THIRD CLAIM FOR RELIEF**

**(Violations of 47 C.F.R. § 64.1200(c)(2) & 47 U.S.C. § 227(c)(5) – National Do-Not-Call Registry – National Do-Not-Call Class)**

78.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

79.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of 47 C.F.R. § 64.1200(c)(2), by initiating more than one telephone solicitation within a 12-month period to Plaintiff Savai and members of the National Do-Not-Call Class who have registered their telephone numbers with the National Do-Not-Call Registry.

80.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of 47 C.F.R. § 64.1200(c)(2), Plaintiff Savai and members of the National Do-Not-Call Class are entitled to an award of $500 in statutory damages for each and every call initiated to them, after registering their telephone numbers with the National Do-Not-Call Registry, pursuant to 47 U.S.C. § 227(c)(5)(B).

81.     Plaintiff Savai and members of the National Do-Not-Call Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(c)(2) by initiating more than one telephone solicitation to any telephone subscriber who has registered his or her telephone numbers with the National Do-Not-Call Registry in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

**FOURTH CLAIM FOR RELIEF**

**(Knowing and/or Willful Violations of 47 C.F.R. § 64.1200(c)(2) & 47 U.S.C. § 227(c)(5) – National Do-Not-Call Registry – National Do-Not-Call Class)**

82.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

83.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of 47 C.F.R. § 64.1200(c)(2), by initiating more than one telephone solicitation within

a 12-month period to Plaintiff Savai and members of the National Do-Not-Call Class who have registered their telephone numbers with the National Do-Not-Call Registry.

84.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowing and/or willful violations of 47 C.F.R. § 64.1200(c)(2), Plaintiff Savai and members of the National Do-Not-Call Class are entitled to an award of treble damages of up to $1,500 for each and every call made to them, after registering their telephone numbers with the National Do-Not-Call Registry, pursuant to 47 U.S.C. § 227(c)(5)(B).

85.     Plaintiff Savai and members of the National Do-Not-Call Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(c)(2) by initiating more than one telephone solicitation to any telephone subscriber who has registered their telephone numbers with the National Do-Not-Call Registry in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on their own behalf and on behalf of the members of the Classes, pray for relief as follows:

A.     Certification of the proposed Classes;

B.     Appointment of Plaintiffs as representatives of the Cell Phone Class;

C.     Appointment of Plaintiff Savai as representative of the National Do-Not-Call Class;

D.     Appointment of the undersigned counsel as counsel for the Classes;

E.     A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

F.     An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

G.     An award to Plaintiffs and the Classes of damages, as allowed by law;

H.     An award to Plaintiffs and the Classes of attorneys' fees and costs, as allowed by law and/or equity;

I.     Leave to amend this Complaint to conform to the evidence presented at trial; and

J.     Orders granting such other and further relief as the Court deems necessary, just, and

CLASS ACTION COMPLAINT

1 proper.

2 **DEMAND FOR JURY TRIAL**

3     Plaintiffs hereby demand a trial by jury of all claims so triable.

4 DATED: September 25, 2015         Respectfully submitted,

5                       **FINKELSTEIN THOMPSON LLP**

6

7                       By: s/ Rosemary M. Rivas
                         Rosemary M. Rivas

8

9                       Rosemary M. Rivas
                      rrivas@finkelsteinthompson.com

10                       Alyssa Dang
                      adang@finkelsteinthompson.com

11                       One California Street, Suite 900
                      San Francisco, California 94111

12                       Telephone: (415) 398-8700
                      Facsimile: (415) 398-8704

13

14                       **TERRELL MARSHALL DAUDT & WILLIE PLLC**

15                       Beth Terrell
                      bterrell@tmdwlaw.com

16                       Mary B. Reiten
                      mreiten@tmdwlaw.com

17                       Sam Strauss
                      sstrauss@tmdwlaw.com

18                       936 N 34th Street, Suite 300

19                       Seattle, Washington 98103
                      Telephone: (206) 816-6603

20                       Facsimile: (206) 319-5450

21                       *Counsel for Individual and Representative*

22                       *Plaintiffs Linda Jackson and Khuzema Savai*

23

24

25

26

27

28

CLASS ACTION COMPLAINT