DILLINGHAM & MURPHY, LLP
WILLIAM F. MURPHY, ESQ. (SBN 82482)
JOHN N. DAHLBERG, ESQ. (SBN 85122)
J. CROSS CREASON, ESQ. (SBN 209492)
353 Sacramento Street, Suite 2000
San Francisco, California 94111
Telephone:  (415) 397-2700
Facsimile:   (415) 397-3300
wfm@dillinghammurphy.com
jnd@dillinghammurphy.com
jcc@fillinghammurphy.com

Attorneys for Defendant
SAFEWAY INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA JACKSON and KHUZEMA SAVAI, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAFEWAY INC., a Delaware Corporation with its Principal Place of Business in Pleasanton, California, <br><br> Defendants | CASE NO. 3:15-cv-04419-JSC <br><br> **ANSWER TO COMPLAINT** |

Defendant Safeway Inc. ("Safeway") answers the complaint of Plaintiffs Khuzema Savai and Linda Jackson as follows. To the extent not specifically admitted, the allegations of the Complaint are denied.

    1.     Safeway admits that it offers pharmacy services, including immunizations and prescription filling services, at many of its stores. The remaining allegations of Paragraph 1 are immaterial and irrelevant to the claims purportedly alleged in the Complaint and as such no responsive pleading is required; to the extent such remaining allegations are deemed material and relevant, Safeway denies them.

    2.     Safeway denies the allegations of Paragraph 2.

    3.     Safeway denies the allegations of Paragraph 3.

4. Safeway denies the allegations of Paragraph 4.

5. Responding to the allegations of Paragraph 5, Safeway admits that it is a Delaware Corporation that maintains its headquarters at 5918 Stoneridge Mall Road, Pleasanton, California 94588. The remaining allegations of Paragraph 5 are immaterial and irrelevant to the claims purportedly alleged in the Complaint and as such no responsive pleading is required.

6. Safeway is informed and believes based on information supplied by Linda Jackson that Linda Jackson lives or lived in Oakland, California. To the extent not admitted, Safeway currently lacks sufficient information to admit or deny the allegations of Paragraph 6 and on that basis denies them.

7. Safeway lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and on that basis denies each and every allegation set forth in Paragraph 7.

8. Paragraph 8 consists entirely of contentions of law or legal conclusions that do not require a response. To the extent a response is required, Safeway denies the allegations of Paragraph 8.

9. Safeway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies each and every allegation set forth in Paragraph 9.

10. Safeway lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis denies each and every allegation set forth in Paragraph 10.

11. Paragraph 11 consists entirely of contentions of law or legal conclusions that do not require a response. To the extent a response is required, Safeway denies the allegations of Paragraph 11.

12. Paragraph 12 consists entirely of contentions of law or legal conclusions that do not require a response. To the extent a response is required, Safeway denies the allegations of Paragraph 12.

13. The allegations of Paragraph 13 make contentions of law or legal conclusions that do not require a response. To the extent a response is required, Safeway denies the allegations of Paragraph 13.

14. The allegations of Paragraph 14 make contentions of law that do not require a response. To the extent a response is required, Safeway denies the allegations of Paragraph 14.

15. The allegations of Paragraph 15 make contentions of law or legal conclusions that do not require a response. To the extent a response is required, Safeway denies the allegations of Paragraph 15.

16. The allegations of Paragraph 16 make contentions of law or legal conclusions that do not require a response. To the extent a response is required, Safeway denies the allegations of Paragraph 16.

17. The allegations of Paragraph 17 make contentions of law or conclusions of law that do not require a response. To the extent a response is required, Safeway denies the allegations of Paragraph 17.

18. The allegations of Paragraph 18 make contentions of law or conclusions of law that do not require a response. To the extent a response is required, Safeway denies the allegations of Paragraph 18.

19. The allegations of Paragraph 19 make contentions of law or conclusions of law that do not require a response. To the extent a response is required, Safeway denies the allegations of Paragraph 19.

20. The allegations of Paragraph 20 make general factual assertions about consumers in the United States not material or relevant to the claims purportedly alleged in the complaint and, therefore, require no response. To the extent a response is required, Safeway denies the allegations pf Paragraph 20.

21. The allegations of Paragraph 21 make general factual assertions about complaints to the FCC not material or relevant to the claims purportedly alleged in the complaint and, therefore, require no response. To the extent a response is required, Safeway denies the allegations of Paragraph 21.

22. The allegations of Paragraph 22 make general factual assertions about complaints to the FCC not material or relevant to the claims purportedly alleged in the complaint and, therefore, require no response. To the extent a response is required, Safeway denies the allegations of Paragraph 22.

23. Safeway admits that it operates about 1,300 grocery stores in the United States and that it provides pharmacy services at some of those stores through in-store pharmacies.

24. Safeway admits that the pharmacies in its stores offer pharmacy services, including, generally, prescription filling services and certain immunizations.

25. Safeway admits that it provides immunizations for influenza and certain other conditions.

26. Safeway denies the allegations of Paragraph 26.

27. Safeway denies the allegations of Paragraph 27.

28. Safeway denies the allegations of Paragraph 28.

29. Safeway denies the allegations of Paragraph 29.

30. Safeway denies the allegations of Paragraph 30.

31. Safeway denies the allegations of Paragraph 31.

32. Safeway admits that Linda Jackson is an individual.

33. Safeway admits that Plaintiff Jackson has been a customer of Safeway's pharmacies for several years.

34. Safeway admits that Plaintiff Jackson typically fills multiple prescriptions with Safeway each month.

35. Safeway admits that Plaintiff Jackson has received flu shots from Safeway's pharmacy.

36. Safeway denies the allegations of Paragraph 36.

37. Safeway denies the allegations of Paragraph 37.

38. Safeway denies the allegations of Paragraph 38.

39. Safeway denies the allegations of Paragraph 39.

40. Safeway denies the allegations of Paragraph 40.

41. Safeway admits that Khuzema Savai is an individual.

42. Safeway lacks sufficient information to admit or deny, and on that basis denies, the allegations in Paragraph 42.

43. Safeway denies the allegations of Paragraph 43.

44. Safeway denies the allegations of Paragraph 44.

45. Safeway denies the allegations of Paragraph 45.

46. Safeway denies the allegations of Paragraph 46.

47. Construing the phrase "Safeway pharmacy customer" as used in Paragraph 47 to mean being a customer of prescription and or vaccination services at a Safeway pharmacy, Safeway admits and avers that it has no record showing that Plaintiff Savai has had a vaccination, or a prescription filled, at Safeway.

48. Safeway admits and avers that it has no record showing that Plaintiff Savai has had a flu shot, or a prescription filled, at Safeway in the five years preceding in or around October 2014.

49. Safeway denies the allegations of Paragraph 49.

50. Safeway denies the allegations of Paragraph 50.

51. Safeway denies the allegations of Paragraph 51.

52. Safeway denies the allegations of Paragraph 52.

53. Safeway denies the allegations of Paragraph 53.

54. Responding to Paragraph 54 of the Complaint, Safeway admits and avers that it has made or has caused to be made many lawful ATDS-generated and/or automated or prerecorded calls to persons on their cellular telephones in California and elsewhere in the United States. Except as expressly admitted and averred, Safeway denies the allegations of Paragraph 54.

55. Safeway denies the allegations of Paragraph 55.

56. Safeway denies the allegations of Paragraph 56.

57. Safeway denies the allegations of Paragraph 57.

58. Safeway denies the allegations of Paragraph 58.

59. Safeway admits that plaintiffs purport to bring this action as a class action. The remaining allegations of Paragraph 59 consist of legal conclusions and other descriptions of the

putative class which do not constitute factual allegations and which do not require a responsive pleading. To the extent a response is required, Safeway denies the allegations not specifically admitted in Paragraph 59.

60. Paragraph 60 purports only to define terms used in the complaint and does not contain factual allegations and does not require a responsive pleading. To the extent a response is required, Safeway denies the allegations of Paragraph 60.

61. Paragraph consists of legal conclusions or conclusions of law which do not require a responsive pleading. To the extent a response is required, Safeway denies the allegations of Paragraph 61.

62. Safeway currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and on that basis denies the allegations set forth in Paragraph 62.

63. Safeway denies each and every allegation set forth in Paragraph 63 of the Complaint.

64. Safeway denies each and every allegation set forth in Paragraph 64 of the Complaint.

65. Safeway denies the allegations of Paragraph 65 as they relate to named Plaintiff Savai. As to named Plaintiff Jackson, Safeway currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and on that basis denies the allegations set forth in Paragraph 65.

66. Safeway denies the allegations set forth in Paragraph 66.

67. Safeway denies the allegations set forth in Paragraph 67.

68. Safeway denies the allegations of Paragraph 68.

69. Safeway denies the allegations of Paragraph 69.

70. Paragraph 70 of the Complaint, which incorporates the preceding paragraphs of the Complaint, does not require a response. To the extent a response is required, Safeway restates and incorporates by reference as though fully set forth its responses to the preceding paragraphs of the Complaint.

71. Safeway denies the allegations of Paragraph 71.

| | | |
|---|---|---|
| 1 | 72. | Safeway denies the allegations of Paragraph 72. |
| 2 | 73. | Safeway denies the allegations of Paragraph 73. |

74. Paragraph 74 of the Complaint, which incorporates the preceding paragraphs of the Complaint, does not require a response. To the extent a response is required, Safeway restates and incorporates by reference as though fully set forth its responses to the preceding paragraphs of the Complaint.

75. Safeway denies the allegations of Paragraph 75.

76. Safeway denies the allegations of Paragraph 76.

77. Safeway denies the allegations of Paragraph 77.

78. Paragraph 78 of the Complaint, which incorporates the preceding paragraphs of the Complaint, does not require a response. To the extent a response is required, Safeway restates and incorporates by reference as though fully set forth its responses to the preceding paragraphs of the Complaint.

79. Safeway denies the allegations of Paragraph 79.

80. Safeway denies the allegations of Paragraph 80.

81. Safeway denies the allegations of Paragraph 81.

82. Paragraph 82 of the Complaint, which incorporates the preceding paragraphs of the Complaint, does not require a response. To the extent a response is required, Safeway restates and incorporates by reference as though fully set forth its responses to the preceding paragraphs of the Complaint.

83. Safeway denies the allegations of Paragraph 83.

84. Safeway denies the allegations of Paragraph 84.

85. Safeway denies the allegations of Paragraph 85.

## SAFEWAY'S AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burdens of proof or persuasion that would otherwise rest on Plaintiff, Safeway asserts the following additional or affirmative defenses. Safeway reserves all rights to assert additional or amended defenses:

86. The Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

87. Plaintiffs' claims, as well as any claims of alleged, putative class members, are barred, in whole or in part, because they consented to receive the flu immunization and prescription pick up calls at issue in this matter.

88. Plaintiffs' claims, as well as any claims of alleged, putative class members, are barred in whole or in part, because the calls at issue in this matter are compliant with, allowed by, or exempted by 47 C.F.R. § 64.1200.

89. Plaintiffs' claims, as well as any claims of putative class members, are barred in whole or in part, because there was prior express consent for the alleged calls.

90. Plaintiffs' claims, as well as any claims of putative class members, are barred, in whole or in part, because they were not charged for the flu immunization calls at issue in this matter.

91. Plaintiffs' claims, as well as any claims of putative class members, are barred, in whole or in part, by the primary jurisdiction doctrine.

92. Plaintiffs' claims, as well as any claims of putative class members, are barred, in whole or in part, by the doctrine of laches or are otherwise time barred.

93. Plaintiffs' claims, as well as any claims of putative class members, are barred, in whole or in part, by the doctrine of release.

94. Plaintiffs' claims, as well as any claims of putative class members, are barred, in whole or in part, by the doctrines of estoppel and equitable estoppel.

95. Plaintiffs' claims, as well any claims of putative class members, are barred, in whole or in part, by the doctrines of waiver and/or ratification.

96. Plaintiffs' claims, as well as any claims of putative class members, are barred, in whole or in part, for lack of any actual injury or standing to assert a claim.

97. Safeway is not liable to Plaintiffs or any of them because it did not place the alleged phones calls alleged here and the entity or entities who made the alleged phone calls are not agents of Safeway.

98. Plaintiffs' claims, as well as any claims of putative class members, are barred, in whole or in part, by the terms and conditions and/or limitations of liability contained in any applicable agreements with Safeway or with Plaintiff, or putative class members' medical providers or insurers.

99. Plaintiffs' claims, as well as any claims of putative class members, are barred, in whole or in part, because any alleged damages were not caused by Safeway but instead by intervening and superseding causes or circumstances, or by the acts or omissions of third parties for which Safeway is not responsible.

100. Plaintiffs' claims, as well as any claims of putative class members, are barred, in whole or in part, because they failed to mitigate their damages, if any.

101. Plaintiffs' claims on behalf of the putative class are barred because this case is not maintainable as a class action under Federal Rule of Civil Procedure 23 because the proposed class does not satisfy the requirements described therein, including, but not limited to, class definition, ascertainability, commonality, typicality, predominance, adequacy of representation, superiority, and manageability.

102. Plaintiffs' claims on behalf of the putative class are barred because Plaintiffs and each of them are not proper representatives to bring this action on behalf of any proposed class.

103. Plaintiffs' claims, as well as any claims of putative class members, are barred, in whole or in part, because Safeway did not willfully or knowingly violate the Telephone Consumer Protection Act of 1991 or any of its regulations.

104. Plaintiffs' claims, as well as any claims of putative class members, are barred, in whole or in part, because Safeway substantially complied with the Telephone Consumer Protection Act of 1991 and its regulations.

105. To the extent that Plaintiff or the putative class may seek recovery of attorneys' fees, such fees are not recoverable under the Telephone Consumer Protection Act of 1991 or otherwise for the claims set forth in the Complaint.

106. Plaintiffs' claims, as well as any claims of putative class members, are barred, in whole or in part, because Plaintiff has failed to join one or more indispensable parties.

107. The Telephone Consumer Protection Act ("TCPA"), as applied to medical alerts such as flu immunization calls, violates the First Amendment to the Constitution of the United States.

Safeway specifically reserves all separate or affirmative defenses that it may have against each putative class member—it is not possible at this time for Safeway to delineate all such defenses against the putative class members because no classes have been certified (if any can be, which Safeway denies) and the putative class members are not parties to the litigation.

Safeway also expressly reserves and asserts all affirmative defenses available under any applicable law. Safeway reserves its right to supplement its Answer and to assert additional defenses in the event that discovery or other means indicate that such additional defenses would be applicable.

**PRAYER FOR RELIEF**

WHEREFORE, Safeway respectfully prays for judgment as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice and judgment entered in favor of Safeway;

2. That Plaintiff and any alleged member of the putative class take nothing by the Complaint; and

3. That Safeway be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Safeway demands a trial by jury.

Dated: November 9, 2015.	DILLINGHAM & MURPHY

By /s/ William F. Murphy
	Attorneys for Defendant Safeway Inc.